# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DERRELL SHIELDS,

Petitioner, : Case No. 2:25-cv-951

- vs - District Judge Michael H. Watson
Magistrate Judge Michael R. Merz

WARDEN,
Correction Reception Center,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Derrell Shields under 28 U.S.C. §2254 to obtain relief from his conviction in the Delaware County Court of Common Pleas on charged on aggravated robbery with a firearm specification (Petition, ECF No. 2). The case is ripe for decision on the Petition, the State Court Record (ECF No. 9), the Return of Writ (ECF No. 10) and Petitioner's reply (ECF No. 15, docketed as Response to the Return of Writ).

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (Transfer Order, ECF No. 16).

**Litigation History**

On November 4, 2021, a Delaware County Grand Jury returned an indictment charging Shields with five counts of Aggravated Robbery, in violation of Ohio Revised Code §

2911.01(A)(1). Each count included a three-year firearm specification (Indictment, State Court Record, ECF No. 9, Ex. 1). On August 22, 2023, Petitioner pleaded no contest to three counts of aggravated robbery and was found guilty by the court on the firearm specifications. He was sentenced to twelve years imprisonment.

Shields then appealed to the Ohio Fifth District Court of Appeals, raising the following assignments of error:

> 1. The Good Faith Exception does not apply to the first warrant: Detective Franks affidavit was "bare bones," there was no nexus between the crime and the place to be searched, and it was plainly a fishing expedition.
>
> 2. The Fruit of the Poisonous Tree Doctrine applies to all evidence Detective Franks obtained because of the information he got from Google based on the first warrant, under the Ohio and Federal Constitutions.

Appellant's Brief, State Court Record, ECF No. 9, Ex. 17. The Fifth District affirmed. *State v. Shields*, 2024-Ohio-2317 (Ohio App. 5th Dist. Jun. 17, 2024), and the Ohio Supreme Court declined to exercise jurisdiction over a further appeal. *State v. Shields*, 175 Ohio St.3d 1486 (2024). Shields then filed his Petition in this Court, pleading one ground for relief:

> **Ground One**: Violation of Fourth Amendment right to illegal [sic] search & seizure.
>
> **Supporting Facts**: The "geo-fence" warrant used to charge Petitioner was in clear violation of Petitioner's 4th Amendment rights.

Petition, ECF No. 2.

Respondent argues that merits consideration of this claim is barred by the Supreme Court's

decision in *Stone v. Powell,* 428 U.S. 465 (1976).

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

Shields argues the *Stone* bar does not apply because he did not get a full and fair opportunity to litigate his Fourth Amendment claims in the Ohio courts. He asserts "The State Court arbitrarily refused to follow clear constitutional precedent as it relates to the use of 'geofence warrants'" (Reply, ECF No. 15, PageID 427, citing *Carpenter v. United States*, 585 U. S. 296 (2018)). In that case the Supreme Court held law enforcement would ordinarily need a judicially-

approved search warrant to obtain cell-cite location data. But in this case Detective Franks did obtain a warrant supported by probable cause to believe that the robber possessed and used or appeared to use a cell phone during the robberies.

Shields cites authority requiring the State provide an evidentiary hearing on motions to suppress. An evidentiary hearing occurred in this case; the transcript of that hearing extends to sixty-five pages. (ECF No. 9-1). The trial judge produced a thirty-one page decision (Judgment Entry, State Court Record, ECF No. 9, Ex. 5, PageID 79-109). Shields does not point to any evidence that was excluded. The Fifth District in turn did not render a conclusory affirmance, but provided a thorough analysis of Shields' arguments. *State v. Shields, supra*.

Shields also seeks an evidentiary hearing in this Court without specifying what additional evidence he would proffer. Such a hearing is precluded by *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

**Conclusion**

Merits consideration of Petitioner's Fourth Amendment claim is barred by *Stone v. Powell, supra.* The Magistrate Judge therefore respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to

the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 10, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.